# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

FRANKLIN D. HARRIS,                           Case No. 1:11-cv-179
    Plaintiff                                 Dlott, J.
                                              Litkovitz, M.J.

    vs

ADVANCE AMERICA CASH
ADVANCE CENTERS, INC.,                        **ORDER**
    Defendant


Plaintiff Franklin D. Harris, proceeding pro se, brings this action against defendant

Advance America Cash Advance Centers, Inc. (Advance America) alleging claims of race

discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e et seq. Plaintiff's amended complaint alleges that from July 9, 2008 through May 25,

2010, defendant denied his applications for employment for 15 open job positions as a Center

Manager, Assistant Manager, and Customer Service Representative. Plaintiff also alleges that

defendant retaliated against him for filing charges with the Equal Employment Opportunity

Commission. This matter is before the Court on plaintiff's motion to compel discovery (Doc.

43), defendant's memorandum in opposition (Doc. 44), and plaintiff's reply memorandum.

(Doc. 45).

The undersigned held three separate telephone discovery conferences in this matter in an

attempt to informally resolve the pending discovery disputes. (Docs. 35, 39, 42). When the

parties and the Court were unable to informally resolve the issues, the Court granted plaintiff

leave to file a motion to compel. The parties have briefed the discovery issues and the motion is

ripe for resolution. The Court has carefully reviewed the parties' briefs and will address each of

plaintiff's requests in the order presented by plaintiff in his motion to compel.

### 1. The 2012 acquisition of Advance America by Grupo Elektra

Information about the 2012 acquisition of Advance America by Grupo Elektra is not relevant to plaintiff's race discrimination or retaliation claims in this case. Nevertheless, defendant is under a continuing obligation to disclose and update any changes to its corporate affiliations/financial interest statement. *See* Doc. 12. Defendant has advised the Court that it will submit an amended corporate disclosure statement in this matter. Defendant is granted 30 days from the date of this Order to submit an amended corporate disclosure statement.

### 2. Deficiencies in initial and supplemental Rule 26(a)(1) disclosures

Rule 26(a)(1) requires a party, without awaiting a discovery request, to provide to the other party the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff alleges that defendant failed to identify the names and addresses of the persons who were hired into the positions for which he applied or the District Director Officers and hiring managers who would have relevant discoverable evidence. Defendant contends it made the required identification of individuals based on the company's own conclusion about which individuals had such information.

Rule 26(a)(1)(A)(i) does not require defendant Advance America to initially disclose the names of all individuals who have discoverable information, but only those individuals who defendant may use to support its defenses. The distinct purpose of the initial disclosure is to alert the opponent to the existence of a witness whose testimony may be helpful to the disclosing

-2-

party. *See El Camino Resources, Ltd. v. Huntington Nat. Bank*, No. 1:07-cv-598, 2009 WL 1228680, at *3 (W.D. Mich. April 30, 2009) (citing 8 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2053 (Supp. 2009)). The Court is not persuaded that defendant's failure to identify the individuals named by plaintiff violates defendant's initial disclosure obligations. The motion to compel is denied as to defendant's Rule 26(a)(1) disclosures.

The Court notes that Rule 26(a) disclosures must be supplemented or corrected "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. . . ." Fed. R. Civ. P. 26(e)(1)(A). If a party fails to provide information or identify a witness under Rule 26(a) or 26(e), that party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless." Fed. R. Civ. P. 37(c)(1). The Court reminds both plaintiff and defendant of their continuing obligations under Rule 26. The Court is without sufficient information and makes no ruling at this time that defendant has failed in its obligation under Rule 26(e)(1)(A) to supplement its initial disclosures.

**3. Defendant's obligations after the first telephone discovery conference on March 20, 2012**

One of the issues raised at the March 20, 2012 discovery conference was plaintiff's request for discovery relating to the individuals hired in the Center Manager, Assistant Manager, and Customer Service Representative positions with Advance America between September 18, 2009 and May 25, 2010. Plaintiff asserted he requested but did not receive full discovery, including the job applications, the "89 Question Test," the screening test, race, date of original hire, and position selected for each of the individuals ultimately hired for the jobs for which

-3-

plaintiff applied. Plaintiff states that defendant "promised" to give him this information at the conference and by failing to do so broke its promise and violated the Court's Order of March 20, 2012.

Counsel for defendant asserts that in extrajudicial discussions with plaintiff earlier this year, he offered to produce the demographic information (*i.e.*, the race of the individuals) that plaintiff was seeking for the various individuals who got the jobs for which plaintiff applied at Advance America even though plaintiff did not properly request the information. Defendant states it made this offer in an attempt to resolve plaintiff's discovery-related objections but plaintiff rejected the offer (*see* Doc. 33 and Ex. A attached thereto), stating he instead wished to pursue the matter by filing a discovery motion with the Court. Defendant disputes plaintiff's assertion that following the conference with the Court, there was an agreement for Advance America to provide this demographic information to plaintiff.

At the telephone conference with the Court, defendant reiterated its willingness to provide plaintiff with the race of the individuals hired for the positions for which plaintiff applied. The Court's Order following the conference reflects this and states, "Defendant represents that it is willing to provide this information to plaintiff and has so advised plaintiff." (Doc. 35). Plaintiff construes this statement as an order by the Court to defendant to provide the demographic information plaintiff seeks. While not specifically ordered by the Court, it was the Court's understanding that defendant would be voluntarily providing this information to plaintiff without requiring a formal discovery request from plaintiff. Plaintiff's confusion over this matter is understandable and to put this issue to rest, the Court now orders defendant to provide to plaintiff the demographic information (*i.e.*, race) for each individual hired for the jobs plaintiff

-4-

applied for.

However, to the extent plaintiff asks defendant to create a "*list* of the names, race, date of hire, position hired into, job title, etc.," that request is denied. Defendant is not required to create documents in response to plaintiff's requests for discovery. *See In re Porsche Cars North America, Inc.*, No. 2:11-md-2233, 2012 WL 4361430, at *9 (S.D. Ohio Sept. 25, 2012) ("Defendants also need not create documents in order to respond to a request for production.") (citing Fed. R. Civ. P. 34(a); *Retail Ventures, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 2:06-cv-443, 2007 WL 3376831, at *2 (S.D. Ohio Nov. 8, 2007)). Therefore, plaintiff's request for a list of information about each individual hired by Advance America is denied.

Plaintiff acknowledges that defendant has provided him with the personnel files of these individuals. (Doc. 43 at 7, n.6). However, plaintiff alleges that "[t]here are numerous missing 'STATUS CHANGE FORMS: New Hire, transfers, promotions, numerous 89 questions test missing, numerous screening test missing, . . . ." (Doc. 43 at 7, n.6). Plaintiff alleges that counsel for defendant "promised" him this information at the telephone conference but failed to produce the documents, thereby violating the Court's Order.

Again, plaintiff misconstrues the Court's Order. At the time of the discovery conference, the Court made no ruling on whether plaintiff was entitled to the additional documents and information he now seeks. Rather, the Court ordered that the discovery conference be continued to another date to allow defendant time to respond to plaintiff's recently propounded interrogatories and requests for production of documents. (Doc. 35 at 2). The Court also requested that counsel for defendant attempt to secure clear, legible copies of the documents already provided to plaintiff, which plaintiff now admits he received. Although there are other

-5-

documents plaintiff still seeks from Advance America, defendant has not violated the Court's
March 20, 2012 Order.

**4. The second and third discovery conferences**

Contrary to plaintiff's assertion (Doc. 43 at 8), the undersigned made no "verbal" order
to defendant to produce outstanding documents within 30 days following the second discovery
conference. Rather, the Court granted defendant an extension of time of 30 days to provide
plaintiff with any outstanding documents or discovery. (Doc. 39). Because there remained
disputed discovery issues that could be resolved by defendant's further production of documents,
the Court scheduled a third discovery conference as a follow-up to the second conference. *Id.*
When the Court and the parties were unable to informally resolve the remaining discovery
disputes following the third conference, plaintiff was granted leave to file his motion to compel.
To the extent plaintiff now contends that defendant failed to comply with the "1st Agreed Court
Order completely, or the 2nd Court Order" (Doc. 43 at 8), the undersigned disagrees and declines
to compel the production of further documents on this basis.

**5. Plaintiff's motion to compel defendant to provide a list of the race, original date of hire,
and position selected for each of the individuals who were ultimately hired for the jobs for
which plaintiff applied**

The Court denies plaintiff's motion to compel defendant to provide a list of the race,
original date of hire, and position selected for each of the individuals who were ultimately hired
for the jobs for which plaintiff applied. (Doc. 43 at 10). For the reasons discussed above, a party
need only produce existing documents, and not create documents, in response to a Rule 34
document request. *See In re Porsche Cars North America, Inc.*, 2012 WL 4361430, at *9.

**6. Plaintiff's motion to compel responses to his Second through Twelfth Requests for Production of Documents (Request Nos. 22 through 137) relating to plaintiff's applications for various positions with Advance America from September 18, 2009 to February 25, 2010**

Plaintiff's motion to compel the production of documents in response to Request Nos. 22

through 137 seeks information relating to the various positions for which plaintiff allegedly

applied. For example, plaintiff's Requests for Production of Documents Nos. 22-30 concern

plaintiff's September 18, 2009 application for an Assistant Manager position at defendant's

Center 5911, Columbus, Ohio. (Doc. 43-1, Pl. Ex. 241, ECF pp. 43-48). Plaintiff's motion to

compel states:

> Now comes Plaintiff to COMPEL the Defendants to Produce the Relevant
> Discovery Documents. Evidence for the person corresponding to the Second Set
> of Production of Documents Request For Production Of Documents Numbers: 22.
> 23. 24. 25. 26. 27. 28. 29. 30. who was hired into the Open Assistant Manager
> position Columbus, Ohio Center 5911. for September 18, 2009 name of person,
> race of person, sex of person, address of person, telephone number of person, date
> of hire, job title given when hired, defendant job offer to person that was hired,
> Screening Questionnaire, 89 question test, (STATUS CHANGE FORMS: to
> include New Hire Change Forms, promotion, transfers) New Hire Training
> Certification Check List, Job employment positions that were posted by the
> Defendants on September 18, 2009, The names, race, sex, date of hire, job title,
> addresses, telephone numbers of the persons who were hired at Center 5911
> Columbus Ohio on September 18, 2009, The names race, sex, address, telephone
> number, job title . . . . . of the person who answered the Production of Documents
> in relation to Plaintiff Second Set of Request For Production of Documents and
> Things.

(Doc. 43 at 11). The remainder of plaintiff's motion to compel, relating to Request Nos. 31

through 137, seeks the same information set forth in Request No. 22, albeit for different jobs.

*See* Motion to Compel response to Request Nos. 31-43 (Open Assistant Manager positions for

Advance America's locations in Tampa, Florida and Bushnell, Florida), Request Nos. 44-52

(September 25, 2009 Open Assistant Manager position in the Eaton, Ohio Center), Request Nos.

53-60 (September 25, 2009 Open Center Manager position in the Brunswick, Ohio Center),

Request Nos. 61-67 (October 13, 2009 Open Center Manager position in the Bellaire, Ohio Center), Request Nos. 68-77 (October 13, 2009 Open Assistant Manager and Customer Service Rep positions in the West Palm Beach, Florida Center), Request Nos. 78-84 (October 13, 2009 Open Center Manager position in the Bowling Green, Kentucky Center), Request Nos. 85-94 (November 14, 2009 Open Center Manager positions in two Tallahassee, Florida Centers), Request Nos. 95-109 (November 30, 2009 Open Center Manager position in the Streetboro, Ohio Center), Request Nos. 110-124 (November 30, 2009 Open Center Manager positions in the Zephyrhills, Florida and Bushnell, Florida Centers), and Request Nos. 125-137 (February 25, 2010 Open Center Manager position in the Canal Winchester, Ohio Center) (Doc. 43 at 11-15). Plaintiff argues that all of the information he seeks is relevant to his race and retaliation claims.

Defendant contends it has provided the personnel records for the individuals at issue and that it has produced hundreds of pages of documents relating to the individuals who applied for the positions at issue. Defendant argues that plaintiff's motion to compel is based on his incorrect conjecture that additional documents about those individuals should exist. Defendant also contends that plaintiff's requests for production of documents is in actuality an attempt by plaintiff to serve hundreds of interrogatories under the guise of Rule 34 document requests when plaintiff has already exceeded the 25 interrogatory limit of Rule 33(a)(1).

For document production requests, responding parties must produce documents which are in their possession, custody or control. Fed. R. Civ. P. 34(a)(1). Rule 34 requires a party to produce documents that already exist and a party does not have to create a document in response to a request for production. *In re Porsche Cars North America, Inc.*, 2012 WL 4361430, at *9. *See also Cartel Asset Management v. Ocwen Financial Corp.*, No. 01-cv-1644, 2010 WL

502721, at *14 (D. Colo. Feb. 8, 2010) ("It is well-settled that a responding party's obligations

under Rule 34 do not extend to non-existent materials."); *Alexander v. Fed. Bureau of

Investigation*, 194 F.R.D. 305, 310 (D.D.C. 2000) ("A party is not required 'to prepare, or cause

to be prepared,' new documents solely for their production.").

Plaintiff's requests for production (RFP) seek both actual documents as well as lists or

information that is not in document form. While some of plaintiff's RFPs ask for existing

documents, *e.g.*, a screening questionnaire (RFP 23); the "89 question test" (RFP 24); and the

reference check, background credit report, and Status Change Form (RFP 25), other RFPs are in

the form of interrogatories that seek particular information or lists of information, and not

existing documents. For example, RFP 22 states:

> Plaintiff Request For Production Of Documents Number (22) is for the
> Defendants Advance America Cash Advance Centers Inc to produce all
> documents etc. . . . that relates to Plaintiff Attached Exhibit Number (5) the
> person that the Defendants hired into the open job position of Assistant Manager
> Columbus Ohio Center Number 5911. *The address of the Defendants Center
> Number 5911. Plaintiff is Requesting for the Defendants to produce. Name,
> Address, Telephone Number, The Race, The Sex, The date of hire, The job title the
> person was given when hired into the Assistant Managers position.* A true original
> copy of the Employment Application, Job Resume, filled out and turned in by the
> person that was hired into the Assistant Manager position. A true original copy of
> the Defendants job offer to the person that was hired into the Assistant Manager
> position.

(Doc. 43-1, Pl. Ex. 241, ECF p. 44) (emphasis added). Likewise, Request No. 27 seeks "a list of

all the Assistant Managers positions that the [d]efendants had open and posted from September

18, 2009 through December 18, 2009" on defendant's employment web site. (Doc. 43-1, Pl. Ex.

241, ECF p. 47). Similarly, Request 30 states, "Plaintiff is requesting for the Defendant to

Produce the Division Number, that Center 5911 is located in and also Plaintiff is requesting for

the Defendants to Produce the names, addresses, of all of it's Centers located within the Division

of Center 5911 Columbus Ohio on the date of September 18, 2009." (Doc. 43-1, Pl. Ex. 241, ECF p. 48). Request 49 states, "Plaintiff is requested for the Defendants to Produce the names, races, sex, date of hire, job title, addresses, telephone numbers of the persons who were employed by the Defendants at it's Center 4773 Eaton Ohio on the date of September 25, 2009." (Doc. 43-1, Pl. Ex. 243, ECF p. 63).

Although the information plaintiff seeks in document requests such as Nos. 22, 27, 30, and 49 may be relevant, the requests ask for information, not documents. As previously stated, plaintiff cannot compel defendant to create a document in response to his requests for production of documents. *See In re Porsche Cars North America, Inc.*, 2012 WL 4361430, at \*9. Plaintiff's RFPs that would require defendant to create responsive documents are improper. Therefore, to the extent plaintiff's motion to compel requires defendants to prepare or create lists of information, as opposed to producing existing documents, the motion is denied.

With respect to the RFPs that actually do seek existing documents like the screening questionnaire and the "89 question test," defendant asserts it has produced the relevant, existing documents that plaintiff requested, but not all of the documents plaintiff seeks are in existence. Plaintiff acknowledges that defendant has provided copies of the requested personnel files. His motion, however, states that "numerous" status change forms and "89 question tests" are missing (Doc. 43 at 7, n.6), suggesting that some of these documents, but not all, were in fact produced by defendant. Unfortunately, plaintiff has failed to identify the particular documents that have not been produced in connection with each of his 115 document requests. Rather, he makes a sweeping, general request for the Court to compel defendant to produce all of the categories of documents listed in Request Nos. 22 through 137, despite his admission that he has already

-10-

received some of the documents. The Court is unable to ascertain which, if any, document requests defendant may not have complied with.

In sum, plaintiff has failed to show that documents responsive to his requests in fact exist. Plaintiff has failed to meet his burden of proof showing that defendant's production of documents in this regard is deficient. The Court is unable to conclude based on the information provided by the parties that defendant has not complied with plaintiff's requests for production of documents seeking actual documents (and not merely lists of information). Plaintiff's motion to compel additional documents in response to Request Nos. 22 through 137 is denied.

## 7. Plaintiff's motion to compel responses to his Thirteenth and Fourteenth Requests for Production of Documents

Plaintiff's motion to compel responses to his Thirteenth Request for Production of Documents seeks the names, race, and sex of the District Director Officers (DDOs) throughout the several Ohio, Kentucky, and Florida Centers. (Doc. 43 at 15, Request Nos. 138-148). Plaintiff asserts, "The Defendants TOTALLY FAILED TO ANSWER any of Plaintiff 13th Set Of Request For Production Of Documents requesting for the Defendants to give the names, race, sex, of the Defendants District Director Officers, The DDO's are decision makers, who hired the numerous Applicants over Plaintiff." (Doc. 43 at 16). As plaintiff again seeks a Court order compelling the creation or preparation of new documents, plaintiff's motion to compel a response to his Thirteenth Request for Production of Documents is denied.

Plaintiff's motion to compel responses to his Fourteenth Request for Production of Documents concerns Request Nos. 153, 154, 155, 159, 160, 161, and 162. While plaintiff seeks an order compelling defendants to produce "relevant discovery documents" (Doc. 43 at 17), the only RFP he specifically addresses in his motion is Request No. 159, which states:

-11-

159. *Plaintiff Request For Production Of Documents Number (158)* Plaintiff is
requesting for the Defendants to produce relevant evidence for each and every
document, documents, note, or notes, e-mails, faxes, any written statements, any
written affidavits, any typed affidavits, any recorded affidavits, recordings of any
kind, interoffice communications, ESI evidence, relevant evidence that may be on
Hard Disk etc. . . . that the Defendants Advance America Cash Advance Centers
Inc. it's President CEO, Vice Presidents, Chairman's, Board Members, Agents,
Representatives, Employees, Human Resource Personal, Payroll Personal,
Regional Directors Officers, District Director Officers, Center Managers, Hiring
Managers, Assistant Managers, Customer Service Reprehensive (sic) sent to the
Defendants Attorneys Law Firm Of Taft Stettinius & Hollister, Mr. Justin D.
Flamm or any other Attorney or paralegal etc. . . . that received any form of
relevant evidence from the Defendants.

(Doc. 43-1, Pl. Ex. 253, ECF p. 143). In contrast to the language of RFP 159, which appears to

seek documents exchanged by defendant and its counsel, plaintiff's motion to compel appears to

seek the identities of defendant's "Human Resource Managers, District Director Officers, Hiring

Managers, Center Managers, who had a say in Plaintiff not being Hired, Interviewed, Retaliated

against." (Doc. 43 at 17).

To the extent plaintiff may be seeking a response to Request No. 159 as written, the

request is overbroad, not tailored to the claims in this case, and denied. To the extent plaintiff

may be seeking the identities of the decision-makers in defendant's employ, plaintiff is not

seeking document evidence but rather an interrogatory answer. For the reasons stated above,

plaintiff cannot compel defendant to create or prepare a list of information in response to a

document request. Plaintiff's motion to compel a response to Request No. 159 is denied.

In addition, plaintiff's motion fails to set forth any facts or argument in support of his

motion to compel responses to Request Nos. 153, 154, 155, 160, 161, and 162. While plaintiff's

reply memorandum does provide argument in connection with these requests, the Court cannot

consider new issues for the first time in plaintiff's reply brief. *See Scottsdale Ins. Co. v. Flowers,*

-12-

513 F.3d 546, 553 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986). *See also Bishop v. Oakstone Academy*, 477 F. Supp.2d 876, 889 (S.D. Ohio 2007) ("[I]t is well established that a moving party may not raise new issues for the first time in its reply brief."). Plaintiff's motion to compel responses to Request Nos. 153, 154, 155, 160, 161, and 162 is denied.

### 8. Plaintiff's Requests for Admission Nos. 5, 23, 24, 25, 27 and 30

Plaintiff seeks an Order compelling defendant to "answer" Requests for Admission Nos. 5, 23, 24, 25, 27 and 30. Each of these requests seeks an admission from defendant that certain documents/exhibits attached to the requests are true, accurate, and original copies of certain documents, including defendant's denial email to plaintiff, defendant's open job positions from September 18, 2009 through February 25, 2010, plaintiff's job resume, and plaintiff's applications for various managerial positions.

In response to plaintiff's Rule 36 requests, defendant stated that it was unable to admit or deny the requests "without examining the original digital files of the exhibits" referenced by plaintiff. Plaintiff argues that "Defendants have 'original digital files' and 'hard drives' that the Defendants have totally failed to and refuse examine to find the relevant discovery evidence. . . ." (Doc. 43 at 16). Plaintiff contends this amounts to spoliation of relevant evidence.

Defendant agrees that it objected to these admission requests on the basis that it would have to examine the digital files from which plaintiff prepared the hard-copy printouts before an admission regarding the originality of the materials could be made. However, because plaintiff never provided those digital files, defendant has been unable to admit or deny their originality. Defendant argues its objection merely reflects that the requested admission cannot be made or

-13-

denied with the information plaintiff has made available to Advance America.

The Court is unable to ascertain from the parties' briefs whether plaintiff printed the documents at issue from a digital file produced by defendant during discovery or whether plaintiff obtained these documents from some other source. If plaintiff obtained these documents from a source other than defendant, defendant's objection is valid and plaintiff should provide defendant with the original digital file if plaintiff still seeks an admission or denial from defendant. To the extent plaintiff printed the documents from a digital file produced by defendant in discovery, plaintiff must so advise defendant who shall then answer the Requests for Admission without further delay.[1]

### 9. Plaintiff's Interrogatories Nos. 3 and 20

Plaintiff's motion to compel seeks an order requiring defendant "to Answer Plaintiff Interrogatories correctly." (Doc. 43 at 18). Plaintiff has failed to allege what, if anything, is deficient in defendant's answers to these interrogatories. Plaintiff has not provided any factual or legal basis for his motion to compel answers to these interrogatories. Therefore, the motion to compel answers to Interrogatories Nos. 3 and 20 is denied.

### 10. Plaintiff's Request for Production No. 3

Plaintiff's motion to compel seeks an order compelling defendant to produce the EEOC charge file and related documents of Anthony Kerns, an African American and presumably an employee or former employee of defendant. (Doc. 43 at 18-19). Plaintiff alleges he participated in the EEOC investigation of charges filed by Mr. Kerns against defendant and that defendant

---

[1]Request for Admission 25 does not ask defendant to admit or deny the originality of a document. (Doc. 43-1, Pl. Ex. 78, ECF p. 129). Therefore, the Court makes no ruling on this request for admission.

retaliated against plaintiff because of his participation in the investigation.

The information plaintiff seeks is relevant to his retaliation claim. Defendant has not responded to plaintiff's motion to compel in this regard or provided any justification for its alleged failure to provide these documents. Therefore, plaintiff's motion to compel the production of documents in response to document request No. 3 is granted. Defendant is ordered to provide these documents within 30 days of this Order.

## 11. Conclusion

Plaintiff's motion to compel discovery is granted in part and denied in part. Plaintiff's motion to compel production of documents in response to Request for Production of Documents No. 3 is **GRANTED**. Defendant is ordered to provide to plaintiff documents in response to this request within 30 days of the date of this Order. Defendant is also ordered to provide plaintiff with the demographic information (*i.e.*, race) for each individual hired for the jobs plaintiff applied for within 30 days of the date of this Order. Plaintiff's motion to compel is **DENIED** in all other respects.

**IT IS SO ORDERED.**

Date: 12/6/12

Karen L. Litkovitz
United States Magistrate Judge

-15-